FILED'07 AUG 29 16:52USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RONALD A. BONNEVILLE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KLAMATH,<br><br>Defendant. | Civil No. 05-3097-CL<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

CLARKE, Magistrate Judge:

    Plaintiff Ronald A. Bonneville brought this action against defendants Klamath County and Jay Henry, alleging claims for violation of civil rights, 42 U.S.C. § 1983; violation of civil rights, 29 U.S.C. §§ 621-624 (age discrimination); violation of civil rights, 42 U.S.C. § 12112 (disability discrimination); violation of civil rights, ORS 659A.030 et seq. (age discrimination); and wrongful termination. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties have executed written consents for entry of final judgment by a magistrate judge (#79, #83). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. During the course of the jury trial, which commenced on August 7, 2007, the Court granted defendants' motions for directed verdict as to plaintiff's claims under 42 U.S.C. § 1983, the Americans with Disabilities Act claim under

Findings of Fact and Conclusions of Law - 1

42 U.S.C. § 12112, and his wrongful discharge claim, and the claims against Jay Henry were dismissed. Plaintiff's remaining federal claim for age discrimination was tried to the jury, and his remaining state claim for age discrimination was simultaneously tried to the Court. See ORS 659A.885(1)(2). The jury returned a verdict in favor of defendant Klamath County on plaintiff's federal age discrimination claim (#89). This Findings of Fact and Conclusions of Law addresses plaintiff's state statutory claim for age discrimination in violation of ORS 659A.030.

The standard for establishing a prima facie case of age discrimination in Oregon is the same as the standard under federal law, Pascoe v. Mentor Graphics Corp., 199 F. Supp.2d 1034, 1052 (D. Or. 2001), and the facts necessarily will be the same.[1] The Ninth Circuit has determined, based on other circuit court holdings, that, "where an employee brings an equitable discrimination claim . . . and a legal discrimination claim . . . against an employer based on the same facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations in deciding the legal claim." Miller v. Fairchild Indus., Inc., 885 F.2d 498, 507 (9th Cir. 1989). The Seventh Amendment provides that, "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." The Ninth Circuit has held that, "it would be a violation of the seventh amendment right to jury trial for the court to disregard a jury's finding of fact." Floyd v. Laws, 929 F.2d 1390, 1397 (9th Cir. 1991).

Here, giving effect to the facts implicitly determined by the jury, which are preclusive, the Court finds that defendant Klamath County did not violate ORS 659A.030.

---

[1] Oregon law differs in that it extends protection to persons over the age of 18, ORS 659A.030(1)(a)(b), but that difference is not at issue in this case.

Findings of Fact and Conclusions of Law - 2

## CONCLUSION

The Court finds in favor of defendant Klamath County and against plaintiff Ronald A. Bonneville on plaintiff's claim of age discrimination in violation of ORS 659A.030.

IT IS SO ORDERED.

DATED this 29 day of August, 2007

Mark D. Clarke
United States Magistrate Judge

Findings of Fact and Conclusions of Law - 3